IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

HAROLD EDWIN WILLIAMS,

      Plaintiff,

V.                                CIVIL ACTION NO. 3:08-0066

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

**MEMORANDUM ORDER**

In this action, filed under the provisions of 42 U.S.C. §§ 405(g) and 1383(c)(3), plaintiff

seeks review of the final decision of the Commissioner of Social Security denying his applications

for disability insurance benefits and supplemental security income based on disability.  The case is

presently pending before the Court on cross-motions of the parties for judgment on the pleadings.

Plaintiff filed his applications on April 29, 2005, alleging disability commencing December

16, 2004, as a consequence of a heart condition. On appeal from initial and reconsidered denials, an

administrative law judge, after hearing, found plaintiff not disabled in a decision which became the

final decision of the Commissioner when the Appeals Council denied a request for review.

Thereafter, plaintiff filed this action seeking review of the Commissioner's decision.

At the time of the administrative decision, plaintiff was thirty-nine years of age and had

obtained had an 8th grade education. His past relevant employment experience consisted of work as

a laborer and janitor. In his decision, the administrative law judge determined that plaintiff suffers

from COPD, coronary disease and alcohol abuse, impairments he found severe. Though concluding that plaintiff was unable to perform his past work,[1] the administrative law judge determined that he had the residual functional capacity for a limited range of light level work. On the basis of this finding, and relying on Rule 202.17 of the medical-vocational guidelines[2] and the testimony of a vocational expert, he found plaintiff not disabled.

Before this Court, plaintiff argues that the administrative law judge failed to consider and give appropriate weight to the opinions of his physicians.  Specifically, he claims that the administrative law judge did not discuss Dr. Linsenmeyer's statement that plaintiff was a "functional class II," and did not explain his reasoning for discrediting the opinions of his two treating physicians, Dr. Morgan and Dr. Serfontein.  These arguments will be addressed in turn.

An administrative law judge is to consider the following when evaluating medical opinions: "(1) whether the physician has examined the applicant, (2) the treatment relationship between the physician and the applicant, (3) the supportability of the physician's opinion, (4) the consistency of the opinion with the record, and (5) whether the physician is a specialist."[3]  The regulations make clear that the administrative law judge "will not give any special significance to the source of an opinion on issues reserved to the Commissioner . . . ."[4]  They also state that "[t]he responsibility for deciding ... residual functional capacity rests with the administrative law judge or Appeals Council,"[5]

---

[1]This finding had the effect of shifting a burden of production to the Commissioner with respect to other work plaintiff was capable of performing.  Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981); McLamore v. Weinberger, 538 F.2d 572, 574 (4th Cir. 1976).

[2]20 C.F.R. Part 404, Subpart P, Appendix 2, Table No. 2.

[3] Johnson v. Barnhart, 434 F.3d 650, 654 (4th Cir. 2005) (citing 20 C.F.R. § 404.1527).

[4] 20 C.F.R. §§ 404.1527(e)(3) and 416.927(e)(3)

[5] Id. §§ 404.1546 and 416.946

and that the Commissioner "will ... give good reasons in [the] notice of determination or decision for the weight [given a] treating source's opinion."[6]  Clearly, it is the Commissioner's responsibility to make the final decision regarding the plaintiff's abilities, and he can reject medical opinions so long as he gives reasons therefor, and those reasons are supported by the evidence.

Plaintiff's argument that the administrative law judge did not consider Dr. Linsenmeyer's assessment of his cardiovascular disease is not reflected in the record.  Plaintiff was placed in "functional class II" by Dr. Linsenmeyer on May 2, 2005, which is for "patients with cardiac disease resulting in slight limitation of physical activity.  They are comfortable at rest. Ordinary physical activity results in fatigue, palpitation, dyspnea or anginal pain."[7]  In the same progress note he stated that plaintiff had dyspnea with "strenuous exertion."  While the administrative law judge did not use the words "functional class II" when evaluating plaintiff it is clear he considered his shortness of breath when he limited him to light level work; eliminated jobs around dust, fumes, and odors; as well as by providing for a sit-stand option in his residual functional capacity.  Further, the administrative law judge indicated that he gave significant weight to the opinion of the state agency physician, whose opinion was "in line with the medical source statements of Dr. Linsenmeyer."  It is apparent that, while the administrative law judge did not explicitly discuss plaintiff's functional class, he clearly allowed for the limitations arising therefrom.

Plaintiff also contends that the opinions of Dr. Serfontein and Dr. Morgan should have been given greater weight.  From a review of the record it appears that each doctor was plaintiff's primary care physician during the relevant time period, with Dr. Serfontein's care beginning in June 2006.

---

[6] Id. §§ 404.1527(d)(2) and 416.927(d)(2)

[7] "Nomenclature and Criteria for Diagnosis of Diseases of the Heart and Great Vessels" (Little, Brown & Co.).  The ninth edition, revised by the Criteria Committee of the American Heart Association, New York City Affiliate, released March 4, 1994.

Plaintiff points to West Virginia Department of Health and Human Services forms completed by each physician as evidence in support of his disability.  As is pointed out in the regulations, a physician's statement that a claimant is "disabled" or "unable to work" is not a medical opinion, but is, instead, an opinion on an issue "reserved to the Commissioner."[8]  As such, the opinion is not binding, though the Commissioner must consider all the evidence supporting the medical source's opinion, as well as all the other evidence of record.[9]

The medical evidence of record reveals that in December 2004 plaintiff began to experience dyspnea and he was diagnosed with COPD, cardiomegaly, and congestive heart failure.  He underwent a cardiac catheterization at St. Mary's Medical Center under the care of Dr. Linsenmeyer, which revealed cardiomyopathy as the predominant problem.  In January 2005 Dr. Linsenmeyer recommended light activity and no heavy lifting following the catheterization.  In February 2005 plaintiff reported that he was still experiencing a mild amount of shortness of breath.  In March he denied chest pains and stated he was satisfied with his progress.  Dr. Linsenmeyer noted that plaintiff was "anxious to return to work," and that he would permit his attempt to return to work.  In April a chest CT was performed that showed no significant new abnormalities, and that "overall improving appearance is suggested."  An echocardiogram was performed in May that showed a "much improved" ejection fraction, and in June plaintiff stated to Dr. Linsenmeyer that he was pleased with his medical status and recovery phase.[10]  It was not until October that Dr. Linsenmeyer saw him again for a routine four-month check up, and he stated he had been doing well until a recent bout

---

[8] 20 C.F.R.  §§ 404.1527(e)(1), 416.927(e)

[9] Id.

[10] It is interesting to note that although plaintiff continually told his treating physicians that he experienced no chest pain, but on his Social Security Personal Pain Questionnaire continual all day chest pain.

4

with bronchitis.  He did, however, stop taking his heart medication and fail to discontinue smoking as recommended.

Dr. Serfontein and Dr. Morgan each saw plaintiff on a limited basis, although they were each his treating physician during a portion of the relevant time.  In January 2006 plaintiff saw Dr. Morgan for a DHHR physical to determine his eligibility for welfare benefits.  Dr. Morgan noted COPD, Congestive Heart Failure, and ASHD (arteriosclerotic heart disease), and indicated that plaintiff would be unable to work full time for at least a year.  Dr. Serfontein began seeing plaintiff in June 2006, performing routine check-ups for complaints of cold and sinus trouble.  In January 2007 plaintiff described tiredness and shortness of breath, and underwent further chest imaging and pulmonary testing.  The imaging was unremarkable and revealed no acute findings, it did however show evidence of chronic bronchitis; and the pulmonary testing revealed "moderate obstruction lung defect" and "decreased peak flow."  In February 2007 Dr. Serfontein also completed a DHHR physical evaluation form, and he too found plaintiff unable to work full time.  He came to this opinion based on his diagnoses of mild generalized arthritis of all large joints, COPD, and a history of congestive heart failure and hypertension.

The administrative law judge correctly pointed out that the determination of disability "is reserved to the Commissioner," the conclusions were not in line with the evidence, and that the criteria for welfare are not the same as those for Social Security disability.  Additionally, the DHHR forms completed by both Dr. Morgan and Dr. Serfontein provided no explanation for their finding of complete disability.   Neither of his primary care physicians were specialists, and it is clear that the administrative law judge found their opinions to be inconsistent and not supported by the evidence.  The administrative law judge chose to give significant weight to the state agency physician's opinion that was consistent with Dr. Linsenmeyer's progress notes.  Dr. Linsenmeyer

is a cardiologist, who treated plaintiff with good response, and his statements regarding his patient's abilities should be given significant weight.  That the administrative law judge did so, in light of the record, was clearly reasonable and was supported by the evidence.

Plaintiff also contends that the administrative law judge failed to set forth an appropriate hypothetical question for the vocational expert.  This argument is largely repetitive of plaintiff's first argument, in that he states the administrative law judge erred by relying on the state agency physician's functional capacity assessment.

To be relevant or helpful, a vocational expert's opinion must be based upon consideration of all relevant evidence of record, and it must be in response to a hypothetical question which fairly sets out all of the claimant's impairments.  Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989).  As stated previously, the state agency physician's functional capacity assessment, relied on by the administrative law judge, was in line with the statements of Dr. Linsenmeyer.  The administrative law judge also considered the evidence of plaintiff's COPD when determining his functional capacity.  After considering the entire record, he presented a hypothetical question that limited plaintiff to light work with restrictions on his exposure to dust, fumes, odors, temperature extremes, heights, and hazardous machinery, as well as allowing for a sit-stand option.  Plaintiff is surely capable of performing the jobs identified by the vocational expert, considering the fact that his treating cardiologist permitted his return to work and found him to have progressed nicely during his treatment.  Based on the foregoing, this Court believes that the hypothetical question posed to the vocational expert accurately reflected limitations established by the evidence, including exertional and nonexertional limitations.

Review of the record establishes to the Court's satisfaction that the administrative law judge's findings with respect to plaintiff's impairments, the resultant work-related limitations, and

the weight given various medical opinions are supported by substantial evidence.  Under such circumstances, the decision of the Commissioner must be affirmed.

On the basis of the foregoing, it is **ORDERED** that plaintiff's motion for judgment on the pleadings be denied, that the like motion of defendant be granted, and the decision of the Commissioner affirmed. All matters in this case being concluded, it is **ORDERED** dismissed and retired from the Court's docket.

The Clerk is directed to transmit a copy of this Memorandum Order to all counsel of record.

ENTER:   October 13, 2009


MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE